E-FILED  2017 NOV 14 11:14 AM DALLAS - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

STATE OF IOWA )
)
COUNTY OF POLK )

Case No: _CVC V040824_
Date Received: _11/13/17_

I, being first duly sworn, depose and say that I received and served:

___X___ Original Notice
___X___ Petition
_____ Jury Demand
_____ Subpoena
_____ Petition for Dissolution of Marriage
_____ Order for Pretrial Conference and
        Discovery
_____ Family Law Case Requirements Order
_____ Notice of Termination of Tenancy
_____ Confidential Information Form
_____ Rule to Show Cause
_____ Order Re: Mediation of Temporary Matters
        and Setting Hearing
_____ Notice of Forfeiture of Real Estate Contract
_____ Order
_____ Application for Rule to Show Cause

_____ Application for Hearing of
        Temporary Issues
_____ Summons
_____ Complaint
_____ Notice to Quit – Notice of
        Nonpayment of Rent and
        Notice of Termination of
        Rental Agreement
_____ Appearance and Answer
_____ Notice of Non-judicial
        Foreclosure
_____ Notice to Quit
_____ Exhibit _____
_____ Other _____
        _____
_____ Attachments

Person Served: _Waukee Comm. School District_

Date Served: _11-14-17_, _8:35_ A.M./P.M.

_560 SE University Waukee, IA_
      (Address)

Manner of Service
_____ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
___X___ Corporation/State Official

c/o _Roxann Livermore_
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Scott Gratias_
Subscribed and sworn to me by Scott Gratias
this ___ day of _Nov_, 2017.

_Wendy Young_
Notary Public for the State of Iowa

Service Fee: _50_

WENDY YOUNG
Comm... ...mber 715120
My Co... ...sion Expires
February 18, 2020

**EXHIBIT**

tabbies

_A_

E-FILED  2017 NOV 14 11:14 AM DALLAS - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

STATE OF IOWA     )
                  )
COUNTY OF POLK )

Case No: _CVCV040824_
Date Received: _11/13/17_

I, being first duly sworn, depose and say that I received and served:

| | |
|---|---|
| _X_ Original Notice | _____ Application for Hearing of |
| _X_ Petition | Temporary Issues |
| _____ Jury Demand | _____ Summons |
| _____ Subpoena | _____ Complaint |
| _____ Petition for Dissolution of Marriage | _____ Notice to Quit – Notice of |
| _____ Order for Pretrial Conference and | Nonpayment of Rent and |
| Discovery | Notice of Termination of |
| _____ Family Law Case Requirements Order | Rental Agreement |
| _____ Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ Confidential Information Form | _____ Notice of Non-judicial |
| _____ Rule to Show Cause | Foreclosure |
| _____ Order Re: Mediation of Temporary Matters | _____ Notice to Quit |
| and Setting Hearing | _____ Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ Order | |
| _____ Application for Rule to Show Cause | _____ Attachments _____ |

Person Served: _Lynsay Marron_

Date Served: _11-14-17_ / _8:35_  A.M./ P.M.

_560 SE University Waukee, IA_
(Address)

Manner of Service
_X_ Personally _c/o Roxanne Livermore - HR Director Waukee Schools_
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
_____ Corporation/State Official

NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Scott Gratias_

Subscribed and sworn to me by Scott Gratias
this _14_ day of _Nov_, 2017.

Service Fee: _0_

_____
Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2020

E-FILED  2017 NOV 14 11:14 AM DALLAS - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

STATE OF IOWA      )
                   )
COUNTY OF POLK  )

Case No: _CVCV040824_
Date Received: _11 / 13/17_

X  I, being first duly sworn, depose and say that I received and served:

| | |
|---|---|
| _____ Original Notice | _____ Application for Hearing of |
| __X__ Petition | Temporary Issues |
| _____ Jury Demand | _____ Summons |
| _____ Subpoena | _____ Complaint |
| _____ Petition for Dissolution of Marriage | _____ Notice to Quit – Notice of |
| _____ Order for Pretrial Conference and | Nonpayment of Rent and |
| Discovery | Notice of Termination of |
| _____ Family Law Case Requirements Order | Rental Agreement |
| _____ Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ Confidential Information Form | _____ Notice of Non-judicial |
| _____ Rule to Show Cause | Foreclosure |
| _____ Order Re: Mediation of Temporary Matters | _____ Notice to Quit |
| and Setting Hearing | _____ Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ Order | |
| _____ Application for Rule to Show Cause | _____ Attachments |

Person Served: _Katie Wittmer_

Date Served: _11-14-17 ,  8:35_  (A.M)/ P.M.

_560 SE University Waukee, IA_
(Address)

Manner of Service
__X__ Personally  _c/o Roxann Livermore – HR Director-_
_Waukee Schools_
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
_____ Corporation/State Official

NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

Service Fee: __X__

_Scott Gratias_

Subscribed and sworn to me by Scott Gratias
this _14_ day of _NOV_, 2017

_Wendy Young_
Notary Public for the State of Iowa



WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2020

E-FILED  2017 NOV 14 11:14 AM DALLAS - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

STATE OF IOWA   )
                )
COUNTY OF POLK )

Case No: _CVCV040824_
Date Received: _11 / 13 / 17_

I, being first duly sworn, depose and say that I received and served:

| | |
|---|---|
| X Original Notice | _____ Application for Hearing of |
| ✓ Petition | Temporary Issues |
| _____ Jury Demand | _____ Summons |
| _____ Subpoena | _____ Complaint |
| _____ Petition for Dissolution of Marriage | _____ Notice to Quit – Notice of |
| _____ Order for Pretrial Conference and | Nonpayment of Rent and |
| Discovery | Notice of Termination of |
| _____ Family Law Case Requirements Order | Rental Agreement |
| _____ Notice of Termination of Tenancy | _____ Appearance and Answer |
| _____ Confidential Information Form | _____ Notice of Non-judicial |
| _____ Rule to Show Cause | Foreclosure |
| _____ Order Re: Mediation of Temporary Matters | _____ Notice to Quit |
| and Setting Hearing | _____ Exhibit _____ |
| _____ Notice of Forfeiture of Real Estate Contract | _____ Other _____ |
| _____ Order | _____ |
| _____ Application for Rule to Show Cause | _____ Attachments |

Person Served: _Allison Sallow_

Date Served: _11-14-17_ / _8:35_ A.M./P.M.

_560 SE University Waukee, IA_
(Address)

Manner of Service _c/o Roxann Livermore - HR Director - Waukee schools_
___X___ Personally
_____ Dwelling House, to person residing therein who was over the age of 18.
_____ Apartment Building
_____ Spouse, who lives at the dwelling house.
_____ Corporation/State Official

NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

_Scott Gratias_

Subscribed and sworn to me by Scott Gratias
this _14_ day of _Nov_, 2017.

Service Fee:___X___

Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2020

IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| ANDREA and BRIAN MASCHKA, Individually and as Parents and Next Friend of B.M., a Minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>WAUKEE COMMUNITY SCHOOL DISTRICT, LYNDSAY MARRON, ALLISON SALOW and KATIE WITTMER,<br><br>    Defendants. | LAW NO. _____<br><br><br><br><br>ORIGINAL NOTICE |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY NOTIFIED** that there is now on file in the office of the Clerk of Court a Petition at Law in the above-entitled action, a copy of which is attached hereto. The Plaintiffs' attorneys are Robert G. Rehkemper and Grant C. Gangestad, 440 Fairway Drive, Suite 210, West Des Moines, Iowa 50266.

**YOU ARE FURTHER NOTIFIED** that unless, within twenty (20) days after service of this Original Notice upon you, you serve, and within a reasonable time thereafter file a motion or answer, in the Iowa District Court for Dallas County, at the Courthouse in Adel, Iowa judgment by default will be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

*NOTE: The Attorney who is expected to represent the Defendant's should be promptly advised by Defendant's of the service of this Notice.*

# STATE OF IOWA JUDICIARY

*Case No.* CVCV040824

*County* Dallas

*Case Title* MASCHKA, ET AL. VS. WAUKEE SCHOOL, ET AL.

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (515) 286-3394  .  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

*Date Issued*  11/13/2017 08:04:13 AM



*District Clerk of* Dallas          *County*
/s/ Linda Bever

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR DALLAS COUNTY

| | |
|---|---|
| ANDREA and BRIAN MASCHKA, Individually and as Parents and Next Friend of B.M., a Minor, <br><br> Plaintiffs, <br><br> vs. <br><br> WAUKEE COMMUNITY SCHOOL DISTRICT, LYNDSAY MARRON, ALLISON SALOW and KATIE WITTMER, <br><br> Defendants. | CASE NO. _CUCV040824_ <br><br><br><br><br> PETITION AT LAW |

COME NOW Plaintiffs, by their attorney, Robert Rehkemper, and for their Petition at Law state the following:

### JURISDICTION

1.  Plaintiffs, Andrea and Brian Maschka, and B.M., a minor, at all times material hereto, were residents of Urbandale, Dallas County, Iowa.

2.  Plaintiffs, Andrea and Brian Maschka, are the biological parents of B.M., a minor.

3.  Defendant, Waukee Community School District, a/k/a Waukee Public Schools (hereafter "WPS") is a body politic as a school corporation, organized under the laws of the State of Iowa, and situated and operating public schools that provide compulsory

1

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

education to children in grades Kindergarten through 12, in Dallas County, Iowa.

4.  At all times material hereto, WPS operated Walnut Hills Elementary School located in the City of Urbandale, Dallas County, Iowa.

5.  Defendant, Lyndsay Marron ("Marron"), at all times material hereto, was the Principal of Walnut Hills Elementary School, a public school operated by WPS.

6.  Defendant, Allison Salow ("Salow"), at all times material hereto, was the Vice-Principal of Walnut Hills Elementary School, a public school operated by WPS.

7.  Defendant, Katie Wittmer ("Wittmer"), at all times material hereto, was the School Nurse of Walnut Hills Elementary School, a public school operated by WPS.

8.  At all times material hereto, B.M. was a student at Walnut Hills Elementary School, a public school operated by WPS.

9.  This cause of action arose in Dallas County, Iowa.

10. The undersigned hereby certifies that this action meets the applicable jurisdictional requirements for amount in controversy.

## FACTS RELEVANT TO ALL DIVISIONS

11. In August, 2013, Plaintiff, B.M., started Kindergarten at Walnut Hills Elementary School.

E-FILED 2017 NOV 09 5:12 PM DALLAS · CLERK OF DISTRICT COURT

12. Between August, 2013 and November 11, 2016, B.M., was subjected to bullying by other students, including but not limited to fellow student, J.T., while attending Walnut Hills Elementary School.

13. Said Bullying involved written, verbal and physical conduct directed toward B.M., regarding an actual or perceived trait or characteristic of B.M., specifically, her weight and physical appearance.

14. Students at Walnut Hills Elementary School, including but not limited to J.T., would call B.M. "fat," "big-bellied," "gross," & "giant," to specifically name a few derogatory comments directed toward B.M.

15. Specific instances of Bullying directed toward B.M., by other students of Walnut Creek Elementary School, include, but are in no way limited to, the following:

   a. On or about November 13, 2013, J.T. sat at the same table as B.M and told their classmates that B.M. was "fat", "disgusting", and "gross" and to stay away from her.

   b. On or about February 6, 2014, J.T. told classmates at recess that B.M. was "fat" and that "no one should play with her or be her friend."

   c. On or about, September 4, 2014 – J.T. lifted B.M.'s dress up at recess to show everyone how "fat and ugly she looks and how horrible her pictures will be."

3

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

d.  On or about, January 22, 2015, in addition to the almost daily event of being ridiculed regarding her weight and physical appearance, students started a rumor that B.M. had lice.

e.  On or about April 28, 2015, J.T. lifted B.M.'s skirt at recess to show other children her "big fat butt" and told other children not to be friends with her.

f.  On or about May 14, 2015, Ms. Kennedy's 1st Grade students were instructed to draw a self-portrait and other students were instructed to write one word that described each student. J.T., wrote "fat" on B.M.'s self-portrait.

g.  The week of October 6, 2015, J.T. would follow B.M. around the playground and lunch room calling her "fat" and "gross" and instructed other students not to play with her. J.T. lifted B.M.'s dress up to show everyone her "big fat butt."

16.  B.M.'s teachers were notified verbally and in writing via electronic mail, of the ongoing bullying directed toward B.M.

17.  Administrators of Walnut Hills Elementary, including Marron, were notified of the ongoing bullying directed toward B.M.

18.  From August, 2013 through November 11, 2016, teachers, employees and administrators at Walnut Hills Elementary School failed to appropriately address the ongoing bullying of B.M. at Walnut Hills Elementary School.

4

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

19. From January 28, 2014, through November 11, 2016, teachers, employees, and administrators at Walnut Hills Elementary School observed and documented specific instances of B.M. suffering from physical symptoms or fears associated with attending school at Walnut Hills Elementary.

20. From January 28, 2014, through November 11, 2016, teachers, employees, and administrators of Walnut Hills Elementary School observed and documented specific instances of B.M. suffering from a general pervasive mood of unhappiness associated with attending school at Walnut Hills Elementary.

21. In addition to their own observations, B.M's teachers and school administrators at Walnut Hills Elementary School were specifically notified by Andrea Maschka that B.M. was suffering from psychological and physical symptoms as a result of the ongoing bullying.

22. Teachers and administrators at Walnut Hills Elementary School were notified of B.M. suffering from psychological and physical symptoms as a result of the ongoing Bullying, including, but not limited to, the following specific occurrences:

   a. January 13, 2014, B.M.'s Kindergarten teacher, Chris Berry, was notified that B.M suffered panic attacks and anxiety associated with attending school.

5

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

b. On January 28, 2014, B.M. sat in the school office for the entire day, not wanting to go to class as a result of the ongoing bullying and resulting anxiety.

c. On or about March 6, 2014, B.M.'s Kindergarten teacher, Chris Berry, was personally informed of the harassment and bullying that B.M. was receiving on the playground and at the lunch table.

d. On or about November 6, 2014, Andrea Maschka spoke directly with B.M.'s teacher, Brien Kennedy, notifying her that the behaviors with J.T. were still ongoing and had not stopped.

e. February 6 – 9, 2015, B.M.'s teacher, Brien Kennedy, notified that B.M. was suffering from anxiety associated with walking into school and going to class.

f. October 13, 2015, Defendant Marron was notified of ongoing bullying and resulting psychological detriment, via electronic mail.

g. October 18, 2015, J.T. was caught by Walnut Hills Elementary School teacher, Mrs. Swanson, lifting up B.M.'s dress at recess to show everyone her "big fat butt" and calling B.M. derogatory names.

h. November 2, 2015, Defendant Marron notified of continuing ongoing bullying and resulting psychological impact on B.M., via electronic mail.

6

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

    i. October 11, 2016, school counselor, Katie Brinkman, spoke with B.M. and Andrea Maschka regarding ongoing Bullying and anxiety associated with going to school.

    j. October 31, 2016, Defendant Marron was notified by Brian Maschka that B.M. did not attend school that day because of the anxiety she suffered due to the ongoing bullying.

23.    At no time prior to November 11, 2016, did any teacher, employee, or administrator of Walnut Hills Elementary School or WPS recommend or otherwise suggest to Andrea and Brian Maschka that B.M. be evaluated for a disability.

24.    At no time prior to November 11, 2016, did any teacher, employee, or administrator of Walnut Hills Elementary School or WPS attempt to determine the nature and extent of special education or related services that could be provided to B.M. to accommodate her disability.

25.    On November 11, 2016, Andrea Maschka brought B.M. to school at Walnut Hills Elementary.

26.    On November 11, 2016, B.M. was exhibiting open and obvious signs and symptoms of suffering from anxiety associated with attending school.

27.    B.M. was crying and verbalizing that she did not want to attend school.

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

28. Andrea Maschka brought B.M. into the school office of Walnut Hills Elementary and sat with her in the school office waiting for her to calm down.

29. B.M. continued to cry and verbalize that she did not want to go to class.

30. At approximately 9:00 a.m., Marron requested that Andrea Maschka leave the building.

31. Andrea Maschka left Walnut Hills Elementary School shortly after 9:00 a.m., leaving B.M. in the exclusive custody and control of teachers, employees, and administrators of Walnut Hills Elementary School.

32. B.M. continued to cry and verbalize that she did not want to go to class and wanted to go home.

33. Shortly after Andrea Maschka left the building, as B.M. sat crying, seated in a school office chair, Marron grabbed B.M. by the hand and attempted to pull her out of the chair she was sitting in.

34. B.M. fell to the floor and continued to cry and verbalize her desire to go home.

35. Marron stood over B.M. as she continued to cry on the floor of the school office.

36. Marron physically placed her feet, shins, and knees against B.M.'s buttocks and back as she sat crying on the school office floor.

8

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

37.   Marron applied physical force to B.M.'s body with her feet, shins, and knees.

38.   Marron physically pushed B.M. across the room with her feet, shins, and knees, attempting to get B.M. to the school office door.

39.   Marron was joined by Salow.

40.   Salow also stood over B.M. as she continued to cry on the floor of the school office.

41.   Salow also physically placed her feet, shins, and knees against B.M.'s body as she sat crying on the school office floor.

42.   Salow applied physical force to B.M.'s body with her feet, shins, and knees.

43.   Together, Marron and Salow kicked B.M.'s buttocks and back.

44.   Together, Marron and Salow used their feet, shins, and knees to apply physical force, moving B.M. across the school office floor.

45.   Marron and Salow's use of physical force caused B.M.'s emotional state to escalate.

46.   B.M. continued to cry and scream.

47.   Unable to physically prod B.M. into standing and walking, Marron resorted to verbal threats.

48.   Marron told B.M. that "she could walk to class or ride in the wheelchair."

9

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

49.   Upon hearing this threat, Wittmer who was in the room, volunteered to bring a wheelchair.

50.   Wittmer brought a wheelchair to Marron and Salow as B.M. sat crying and screaming on the school office floor.

51.   Marron directed Wittmer and Salow to pick B.M. up off of the school office floor.

52.   Marron directed Wittmer and Salow to forcibly move B.M. from the office floor into the wheelchair.

53.   While Wittmer and Salow attempted to physically lift B.M. from the floor into the wheelchair, B.M. cried and screamed in protest, asking for her mother.

54.   Wittmer and Salow got B.M. to her feet, but B.M. would not voluntarily sit in the wheelchair.

55.   B.M. was verbally told by Marron, Wittmer, or Salow that she would be wheeled to class in the wheelchair if she did not voluntarily walk there.

56.   B.M. passively resisted sitting in the wheelchair.

57.   Wittmer and Salow continued to use physical force in an effort to get B.M. to sit into the wheelchair.

58.   B.M. braced her hands against the arms of the wheelchair while Wittmer and Salow continued to apply physical force to B.M.'s body, attempting to force her into sitting in the wheelchair.

10

E-FILED  2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

59.   Marron, Wittmer, and Salow attempted to physically force B.M. to sit in the wheelchair for over thirty minutes.

60.   B.M.'s arms and body were shaking as a result of the use of physical force.

61.   At no time did B.M. pose a risk of physical injury or danger to herself of others.

62.   At approximately 10:30 a.m., School Counselor, Katie Brinkman, walked by the office.

63.   It was suggested that Katie Brinkman assist in getting B.M. to calm down.

64.   Katie Brinkman used calm and encouraging words in speaking with B.M.

65.   B.M. responded positively to Katie Brinkman's approach.

66.   B.M. voluntarily accompanied Katie Brinkman to her office and was in class within approximately 15 minutes.

67.   B.M.'s mother, Andrea Maschka, was not contacted until approximately 11:30 a.m.

68.   During said phone call, Marron suggested that B.M. be required to stay at school an additional 90 minutes after school let out.

69.   Marron did not disclose the details of what occurred in the school office to Andrea Maschka.

11

E-FILED  2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

70.   Neither Marron nor any other administrator at Walnut Hills Elementary School notified Andrea or Brian Maschka that physical force had be used against B.M.

71.   Andrea and Brian Maschka acquiesced to Marron's recommendation for B.M. to stay after school, so long as it was only to make up class work that was missed.

72.   Marron required B.M. to complete additional work above and beyond what was missed in class.

73.   No administrator, teacher, or employee of Walnut Hills Elementary School documented that physical force had been used against B.M.

74.   No administrator, teacher or employee of Walnut Hills Elementary School notified WPS or any other agency or entity that physical force had been used against B.M.

75.   B.M. suffered physical injuries as a result of the aforementioned incident.

76.   B.M. suffered psychological injuries as a result of the aforementioned incident.

### DIVISION I
#### (Negligence – Defendant Waukee Community School District)

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendant, Waukee Community School District, states the following:

E-FILED  2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

77. Plaintiffs replead paragraphs 1 through 76 and incorporate same by reference.

78. Defendant, WPS, was negligent in one or more of the following particulars:

    a. Failure to supervise its students;

    b. Failure to supervise its employees;

    c. Failure to adequately train administrators, teachers and employees regarding the following:

        1. Identification, intervention, and reporting of bullying.

        2. Identification and evaluation of students suffering from potential disabilities, as mandated by state and federal law;

        3. Use of physical force against students in non-emergent situations;

        4. Use of physical force against students with disabilities.

    d. Failure to use and exercise that degree of skill, care and learning ordinarily possessed and exercised by school districts in similar circumstances.

    e. Failing to adopt, implement and enforce policies and procedures that set forth procedures for school employees to report an act of harassment or Bullying.

    f. Failing to adopt, implement and enforce policies and procedures articulating the consequences and appropriate remedial action for students who violate the anti-harassment and anti-Bullying policy.

    g. Failure to adopt, implement and adequately communicate to students and parents, procedures for reporting harassment and Bullying.

    h. Failure to abide by and enforce what anti-harassment and anti-Bullying policies that did exist.

13

E-FILED  2017 NOV 09 6:12 PM DALLAS - CLERK OF DISTRICT COURT

79.  The aforementioned negligence of Defendant, Waukee Community School District, was a direct and proximate cause of the following injuries and damages sustained by Plaintiffs:

a.  Loss of full mind and body – past and future;

b.  Physical and mental pain and suffering – past and future;

c.  Medical expenses – past and future;

d.  Loss of future earning capacity;

e.  Out-of-pocket education expenses – past and future.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully requests judgment against Defendant, Waukee Community School District, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; and for costs of the action.

## DIVISION II
### (Assault and Battery – Defendants Marron, Salow, and Wittmer)

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendants, Marron, Salow, and Wittmer, state the following:

80.  Plaintiffs replead paragraphs 1 through 79 and incorporate same by reference.

14

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

81.    Defendants Marron, Salow, and Wittmer intentionally and unlawfully placed B.M. in reasonable and serious apprehension of a harmful and offensive contact against her person.

82.    Defendants Marron, Salow, and Wittmer intentionally caused unwanted and offensive bodily contact with B.M., without legal justification, which resulted in physical pain and injury to B.M.

83.    Defendants Marron, Salow, and Wittmer's conduct on November 11, 2016, constituted a willful and wanton disregard for the rights and safety of B.M

84.    Defendants Marron, Sallow, and Wittmer's conduct on November 11, 2016, was outrageous and was intended to cause, or was undertaken with reckless disregard of the probability of causing, severe emotional distress and other damages to B.M.

85.    As a direct and proximate cause of the aforementioned actions of Defendants Marron, Salow, and Wittmer, B.M. suffered the following injuries and damages to Plaintiffs:

    a.  Loss of full mind and body – past and future;

    b.  Physical and mental pain and suffering – past and future;

    c.  Medical expenses – past and future;

    d.  Loss of future earning capacity;

    e.  Out-of-pocket education expenses – past and future.

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully requests judgment against Defendants Marron, Salow, and Wittmer, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; for costs of the action; and for punitive damages.

## DIVISION III
### (Negligence – Defendant Marron)

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendant Marron, state the following:

86. Plaintiffs replead paragraphs 1 through 85 and incorporate same by reference.

87. Defendant Marron, was negligent in one or more of the following particulars:

   a. Failure to use and exercise that degree of skill, care and learning ordinarily possessed and exercised by a school Principal and/or administrator in similar circumstances.

   b. Failure to act as a reasonable and prudent person in similar circumstances.

   c. Failing to implement and enforce policies setting forth procedures for teachers, employees and/or volunteers to report an act of harassment or Bullying.

   d. Failing to take appropriate action when notified of the ongoing bullying and harassment of B.M.

   e. Failing to notify and report the reported bullying and harassment of B.M. to WPS.

16

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

f. Failing to implement and enforce policies and procedures articulating the consequences and appropriate remedial action for students who violate the anti-harassment and anti-Bullying policy.

g. Failure to adequately communicate to students and parents, procedures for reporting an act of harassment and Bullying.

h. Failure to abide by and enforce what anti-harassment and anti-Bullying policies that did exist.

i. Failure to identify B.M. as a student with a potential disability, as required by State and Federal Law;

j. Failure to request an evaluation of B.M., to determine whether she suffered from a disability, as required by State and Federal Law.

k. Failure to accommodate B.M.'s disability to ensure an adequate public education, as required by State and Federal Law;

l. Unjustified use of physical force against B.M. on November 11, 2016;

m. Engaging in conduct on November 11, 2016 that Defendant knew or should have known would have an adverse consequence to B.M.'s mental and emotional well-being.

88. The aforementioned conduct of Defendant Marron constituted a willful and wanton disregard for the rights and safety of B.M.

89. Defendant Marron's conduct was outrageous and was intended to cause, or was undertaken with reckless disregard of the probability of causing, severe emotional distress and other damages to B.M.

90. The aforementioned negligence of Defendant Marron, was a direct and proximate cause of the following injuries and damages sustained by Plaintiffs:

17

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

   a.  Loss of full mind and body – past and future;

   b.  Physical and mental pain and suffering – past and future;

   c.  Medical expenses – past and future;

   d.  Loss of future earning capacity;

   e.  Out-of-pocket education expenses – past and future.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully requests judgment against Defendant Marron, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; for costs of the action; and for punitive damages.

### DIVISION IV
#### (Negligence – Defendant Salow)

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendant Salow, state the following:

91.    Plaintiffs replead paragraphs 1 through 90 and incorporate same by reference.

92.    Defendant Salow was negligent in one or more of the following particulars:

   a.  Failure to use and exercise that degree of skill, care and learning ordinarily possessed and exercised by a Vice-Principal and/or administrator in similar circumstances.

   b.  Failure to act as a reasonable and prudent person in similar circumstances.

   c.  Unjustified use of physical force against B.M. on November 11, 2016;

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

    d. Engaging in conduct on November 11, 2016, that Defendant knew or should have known would have an adverse consequence to B.M.'s mental and emotional well-being.

93.    The aforementioned conduct of Defendant Salow constituted a willful and wanton disregard for the rights and safety of B.M.

94.    Defendant Salow's conduct was outrageous and was intended to cause, or was undertaken with reckless disregard of the probability of causing, severe emotional distress and other damages to B.M.

95.    The aforementioned negligence of Defendant Salow, was a direct and proximate cause of the following injuries and damages sustained by Plaintiffs:

    a. Loss of full mind and body – past and future;

    b. Physical and mental pain and suffering – past and future;

    c. Medical expenses – past and future;

    d. Loss of future earning capacity;

    e. Out-of-pocket education expenses – past and future.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully requests judgment against Defendant Salow, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; for costs of the action; and for punitive damages.

19

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

## DIVISION V
### (Negligence – Defendant Wittmer)

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendant Wittmer, state the following:

96.     Plaintiffs replead paragraphs 1 through 95 and incorporate same by reference.

97.     Defendant Wittmer, was negligent in one or more of the following particulars:

   a.   Failure to use and exercise that degree of skill, care and learning ordinarily possessed and exercised by a School Nurse in similar circumstances.

   b.   Failure to act as a reasonable and prudent person in similar circumstances.

   c.   Unjustified use of physical force against B.M. on November 11, 2016;

   d.   Engaging in conduct on November 11, 2016, that Defendant knew or should have known would have an adverse consequence to B.M.'s mental and emotional well-being.

98.     The aforementioned conduct of Defendant Wittmer constituted a willful and wanton disregard for the rights and safety of B.M.

99.     Defendant Wittmer's conduct was outrageous and was intended to cause, or was undertaken with reckless disregard of the probability of causing, severe emotional distress and other damages to B.M.

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

100.    The aforementioned negligence of Defendant Witmer, was a direct and proximate cause of the following injuries and damages sustained by Plaintiffs:

a.  Bodily injury;

b.  Loss of full mind and body – past and future;

c.  Physical and mental pain and suffering – past and future;

d.  Medical expenses – past and future;

e.  Loss of future earning capacity;

f.  Out-of-pocket education expenses – past and future.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully requests judgment against Defendant Wittmer, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; for costs of the action; and for punitive damages.

## DIVISION VI
### *(Respondent Superior – Defendant Waukee Community School District)*

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendant Waukee Community School District, state the following:

101.    Plaintiffs replead paragraphs 1 through 100 and incorporate same by reference.

102.    Defendants Marron, Salow, and Witmer's conduct occurred within the scope and course of their employment, and under authority and

21

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

supervision of Waukee Community School District, while acting as its employee(s).

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully request judgment against Defendant, Waukee Community School District, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; for costs of the action.

### DIVISION VII
**(Deprivation of Constitutional Rights, 42 U.S.C. § 1983 – Defendants Marron, Salow, and Wittmer)**

COME NOW Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friends of B.M., a minor, and for their cause of action against Defendants, Marron, Salow, and Wittmer, state the following:

103. Plaintiffs replead paragraphs 1 through 102 and incorporate same by reference.

104. At all times material hereto, B.M. was a "Child with a disability" as defined by Iowa Administrative Code section 281-41.8 and 34 C.F.R 300.8.

105. At all times material hereto, Defendant's Marron, Salow and Wittmer were acting under color of state law.

106. The aforementioned conduct of Defendants, Marron, Salow and Wittmer violated B.M.'s constitutional rights to be free from:

    a. Unreasonable bodily restraint; and

    b. Excessive use of force.

22

E-FILED  2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

107. The aforementioned conduct of Defendants, Marron, Salow and Wittmer constituted a willful and wanton disregard for the rights and safety of B.M.

108. Defendants, Marron, Salow and Wittmer's conduct was outrageous and was intended to cause, or was undertaken with reckless disregard of the probability of causing, severe emotional distress and other damages to B.M.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, as Parents and Next Friend of B.M., a minor, respectfully request judgment against Defendants Marron, Salow, and Wittmer, for actual and compensatory damages in a fair and reasonable amount; attorney fees; punitive damages; interest at the statutory rate; and costs of the action.

### DIVISION VIII
#### (Loss of Parental Consortium – All Defendants)

COME NOW Plaintiffs, Andrea and Brian Maschka, Individually, and for their cause of action against Defendants, Waukee Community School District, Marron, Salow and Wittmer, states the following:

109. Plaintiffs replead paragraphs 1 through 108 and incorporate same by reference.

110. Plaintiffs Andrea and Brian Maschka are the biological parents of B.M., a minor child.

111. Plaintiffs, Andrea and Brian Maschka have been deprived of and hereby makes claim for expenses and actual loss of services, society,

23

E-FILED 2017 NOV 09 5:12 PM DALLAS - CLERK OF DISTRICT COURT

companionship, love, affection, and consortium of their minor daughter, B.M.

112.  The acts, omissions, and negligence of all Defendants as previously herein set forth was a proximate cause of the loss of Parental Consortium of Plaintiffs Andrea and Brian Maschka.

WHEREFORE Plaintiffs, Andrea and Brian Maschka, Individually, respectfully request judgment against Defendants, Waukee Community School District, Marron, Salow and Wittmer, for actual and compensatory damages in a fair and reasonable amount; for interest at the statutory rate; and for costs of the action.

Respectfully Submitted,

GOURLEY, REHKEMPER, & LINDHOLM, P.L.C.

By: /s/ *Robert Rehkemper*

_____

Robert G. Rehkemper

By: /s/ *Grant Gangestad*

_____

Robert G. Rehkemper, AT0006553
Grant C. Gangestad, AT 0011504
440 Fairway, Suite 210
West Des Moines, IA 50266
Telephone No. (515) 226-0500
Email: gcgangestad@grllaw.com
         rgrehkemper@grllaw.com
ATTORNEYS FOR PLAINTIFFS

ORIGINAL FILED.

24